## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRADLEY LEWIS, Individually, and as Natural Parent of JORDAN R. LEWIS, Deceased** )<br><br>)<br><br>)<br><br>)<br>Plaintiff )<br><br>)<br>v. )<br><br>)<br>**CARTERVILLE COMMUNITY UNIT SCHOOL DISTRICT #5,** )<br><br>)<br><br>)<br>Serve at: )<br>Bob Prusator, Superintendent )<br>306 Virginia Avenue )<br>Carterville, IL 62918 )<br><br>)<br>and )<br><br>)<br>**CAMBRIA ILLINOIS POLICE DEPARTMENT,** )<br><br>)<br><br>)<br>Serve at: )<br>105 South Maple Street )<br>Cambria, IL 62915 )<br><br>)<br>and )<br><br>)<br>**BOB PRUSATOR** )<br><br>)<br>Serve at: )<br>311 Twin Lakes Rd. )<br>Carterville, IL 62918 )<br><br>)<br>and )<br><br>)<br>**KEITH LIDDELL** )<br><br>)<br>Serve at: )<br>1005 Jeffrey Dr. )<br>Carterville, IL 62918 )<br><br>)<br>and )| Case No: 3:14-cv-00751-JPG-SCW |

**DENNIS DRUST**                              )
                                         )
    Serve at:                )
        1205 Mockingbird Ln.   )
        Carterville, IL 62918   )
                                         )
and                                          )
                                         )
**ERIK REBSTOCK,**                           )
                                         )
    Serve at:                )
        757 Holt Rd., #1        )
        Webster, NY 14580       )
                                         )
                                         )
and                                          )
                                         )
**3SCREENS.COM**                             )
                                         )
    Serve at:                )
        24002 Telegraph Hill Ct. )
        Valencia, CA 91355      )
                                         )
    Defendants               )

## COMPLAINT

Plaintiff, Bradley Lewis, Individually, and as the natural parent of Jordan R. Lewis, Deceased, by and through his attorneys, Gori Julian & Associates, P.C., brings this action against Defendants Carterville Community Unit School District #5, Cambria, Illinois Police Department, Bob Prusator, Keith Liddell, Dennis Drust, and Erik Rebstock for the violation of civil rights and wrongful death to the deceased. Upon information and belief, Plaintiff alleges as follows:

## PLAINTIFFS

1.          At all times relevant hereto, Brad Lewis was a resident and citizen of Collinsville, Illinois located in Madison County, Illinois. Brad Lewis is the natural parent and

survivor of Jordan R. Lewis and is therefore a proper party to bring an action for the wrongful death of Jordan R. Lewis.

2.        At all times relevant hereto Jordan R. Lewis was a resident of Cambria, Illinois located in Williamson County, Illinois and a student at Carterville High School in Carterville, Illinois.

## DEFENDANTS

3.        Defendant, Carterville Community Unit School District #5 ("Carterville School District"), is the entity that operates Carterville High School in Carterville, Illinois and is organized under the laws of the State of Illinois. District personnel are responsible for the management, care, and control of the public schools within its jurisdiction, the training of teachers as to safety, and the supervision of students within the district.

4.        At all times relevant hereto, Carterville School District was acting by and through its agents and/or employees, actual or ostensible, including, but not limited to Defendants Bob Prusator, Keith Liddell, and Dennis Drust, each of whom were acting within the course and scope of their employment and/or agency with Carterville School District.

5.        On November 25, 2013, Carterville School District was formally notified of this action and a request for them to retain any and all records was made.

6.        Defendant Cambria Illinois Police Department is located in Williamson County, Illinois. A Cambria Illinois Police Officer performed a wellness check at Jordan Lewis's home on October 16, 2013.

7.        Upon information and belief, Defendant Bob Prusator is a citizen and resident of Williamson County, Illinois. At all times relevant hereto, Bob Prusator was the

superintendent of Carterville Unit School District #5 and acted both individually and within the course and scope of his employment and/or agency as superintendent.

8.        Upon information and belief, Defendant Keith Liddell is a citizen and resident of Williamson County, Illinois. At all times relevant hereto, Keith Liddell was the principal of Carterville High School, a Carterville Community Unit School District school, and acted both individually and within the course and scope of his employment and/or agency as principal.

9.        Upon information and belief, Defendant Dennis Drust is a citizen and resident of Williamson County, Illinois. At all times relevant hereto, Dennis Drust was the football coach at Carterville High School, a Carterville Community Unit School District school, and acted both individually and within the course and scope of his employment and/or agency as principal.

10.       Upon information and belief, Defendant Erik Rebstock is a citizen and resident of Monroe County, New York. At all times relevant hereto, Erik Rebstock lived with Jordan Lewis and Jordan's mother in their Cambria, Illinois home in Williamson County, Illinois.

11.   Upon information and belief, Defendant 3Screen.com, whose president is Mark Bixler, produced and placed into the stream of commerce a video on the subject of Anti-Bullying issues for high school students which contained information on the choice of suicide when dealing with bullies.

## JURISDICTION & VENUE

12.     This is a civil action filed under Illinois state law and Federal Law seeking damages against defendants for committing acts in Williamson County, Illinois and for violating certain Federal Civil Rights of Jordan R. Lewis.

13.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to all state law claims and all such claims that arise from the same nucleus of operative facts.

14.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 in that all parties reside in this District.

## FACTUAL BACKGROUND
### Jordan Lewis

15.     Jordan Lewis, a fifteen year-old resident of Cambria, Illinois was a sophomore at Carterville High School in Carterville, Illinois. Jordan committed suicide on October 17, 2013. Before his death, Jordan wrote a letter that stated bullying was what drove him to take his own life.

16.     Examples of the bullying Jordan Lewis endured at Carterville High School include, but are not limited to: Jordan's head being slammed into the lockers by students and members of the Carterville High School football team, Jordan being punched on multiple occasions by students of Carterville High School, Carterville High School students attempting to push Jordan down flights of stairs, and Jordan being called embarrassing names and ridiculed on a regular basis while attending Carterville High School.

17.     Upon information and belief, both the principal of Carterville High School, Keith Liddell, and the football coach, Dennis Drust, were informed of incidents like the examples listed above against Jordan Lewis but did not remedy the situations or take any

corrective action to protect Jordan from future bullying. At times, the football coach even instigated the bullying against Jordan Lewis. The failure to act and limit abuse was knowing and intentional. Upon information and belief, the football coach, after being informed of acts of bullying, told Jordan Lewis that he needed to "toughen up."

18.        Upon information and belief, the day before Jordan's death, Carterville High School showed a film to students entitled, "Piercing the Darkness." This film was created by 3screens.com and was meant to inform students about the potential "darkness" they encounter (drug abuse, bullying, disabilities) and how to bring light into their lives and others. However, this film showed pictures of young students that had committed suicide due to bullying and left many students in tears while reliving their own experiences with bullying. Parents and students were not notified regarding the showing of this film or of the content and students did not have the opportunity to opt out.

19.        Upon information and belief, after the video, Jordan expressed his suicidal thoughts and one student said to him, "You don't have the balls to kill yourself."

20.        The next day, October 17, 2013, Jordan walked up to Erik Rebstock's unlocked gun case located in their home. Jordan pulled out a negligently stored shot gun and fatally shot himself in the chest.

21.        A letter was found in Jordan's home, where the suicide occurred, and it stated, "Bullying has caused me to do this those of you know who you are."

### Carterville School District's Response to Bullying & Harassment

22.        Illinois law requires that each school district create and maintain a policy on bullying that must be filed with the State Board of Education.

23.        Carterville School District's policy regarding bullying states, "The District will not tolerate harassing, intimidating conduct, or bullying whether verbal, physical, or visual, that affects the tangible benefits of education, that unreasonably interferes with a student's educational performance, or that creates an intimidating, hostile, or offensive educational environment." It further states, "Any District employee who is determined, after an investigation, to have engaged in conduct prohibited by this policy will be subject to disciplinary action up to and including discharge. Any District student who is determined, after an investigation, to have engaged in conduct prohibited by this policy will be subject to disciplinary action, including but not limited to, suspension and expulsion consistent with the discipline policy."

24.        Nevertheless, there is no evidence that the school district put into practice their own policies and procedures in regards to responding to and acting to prevent further occurrences of bullying, harassment, and violence.

25.        Carterville School District uses a program entitled "Talk About It" which is an anonymous online tool where students can seek help related to bullying or other school related issues. Upon information and belief, this program was not up and running when Jordan Lewis committed suicide, nor did the students or parents receive information on how to use the program.

26.        Instead of promoting an environment that was sensitive to bullying, harassment, and violence, Carterville School District fostered an environment where bullying, harassment, and violence was uncontrolled and when it occurred, school personnel did not intervene and/or took part in the instigation of such acts.

**Cambria Police Department Welfare Check**

27.        A police welfare check occurs when a report is made to law enforcement about an individual who may be in peril. Through a welfare check, police officers go to the place of peril, usually one's residence, and assist and evaluate the individual.

28.        On October 16, 2013, Jordan Lewis was texting his friend, Alexis Moore. Jordan communicated his suicidal thoughts to Alexis who then expressed her worry and concern to her grandmother. Her grandmother called 911 in attempt to get a police officer to Jordan's home.

29.        On October 16, 2013, at 9:06 pm, Cambria police received Alexis's grandmother's request via the Carterville, Illinois Police Department. Officer D. Paisley was the Cambria police officer on duty at this time. Off. Paisley noted that Jordan was a "poss[ible] suicidal suspect." He then noted that he spoke with Jordan and his mother, Tina Lewis, and that Jordan was "OK." By 9:22 pm that night, Off. Paisley had completed the requested welfare check.

30.        Upon information and belief, on October 17, 2013, Tina Lewis called her son to see if he had woken up for school. When he didn't answer, she went home and found her son dead from a gunshot wound to the chest.

**CAUSES OF ACTION**
**Count I: Violation of 42 U.S.C. § 1983 –**
**Carterville Community Unit School District #5**

31.        Plaintiff incorporates by reference each preceding paragraph as though set forth fully at length herein.

32.        Because Illinois has chosen to provide a free public education to its children, Jordan Lewis had a Constitutional property right to a free public education protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

33.        Jordan Lewis also had Constitutional rights to bodily integrity, to be secure and to be left alone, and to life protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

34.        Defendant Carterville Community Unit School District and its employees, agents, and/or personnel, acting both in their capacity as employees, agents, and/or personnel of Carterville School District and individually at all times referenced in this petition, were acting under color of state law.

35.         At the time of their actions, Carterville School District and its employees, agents, and/or personnel, knew or should have known that bullying existed within Carterville School District.

36.        Carterville Community Unit School District and its employees, agents, and/or personnel, while acting under federal and state law, deprived Plaintiff's deceased son, Jordan Lewis, of his civil rights, including his right to an education, his right to bodily integrity, his right to be secure and to be left alone, and his right to life, pursuant to 42 U.S.C. §1983, by condoning practices, including but not limited to the following: the inadequate training of teachers, administrators, and faculty members regarding bullying, harassment, and violence; the failure to follow policies and procedures to protect Jordan Lewis from known dangerous situations, including the regularly occurring bullying, harassment, and violence; the inadequate investigations of complaints by students of said bullying; and the negligent permitting of the bullying, harassment, and violence after being informed of and/or witnessing the acts with

reckless and wanton disregard for Jordan Lewis's civil rights. Defendants thereby violated Jordan's Fourteenth Amendment rights and Plaintiff seeks recovery pursuant to 42 U.S.C. § 1983.

37.     As a direct and proximate result of the Carterville School District's actions and omissions, which were shocking to the conscience, Plaintiff's son, Jordan Lewis, was embarrassed, humiliated, suffered mental anguish, was subject to ridicule, and suffered physical injury. These damages continued until Jordan Lewis took his life on October 17, 2013.

38.     Carterville School District's actions along with the actions of its employees, agents, and/personnel individually named, and omissions as identified in this Complaint show that Defendants acted with willful and wanton disregard to Jordan Lewis's rights so as to warrant the imposition of punitive and compensatory damages.

## Count II: Violation of 42 U.S.C. § 1983 – Bob Prusator

39.     Plaintiff incorporates by reference each preceding paragraph as though set forth fully at length herein.

40.     Because Illinois has chosen to provide a free public education to its children, Jordan Lewis had a Constitutional property right to a free public education protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

41.     Jordan Lewis also had Constitutional rights to bodily integrity, to be secure and to be left alone, and to life protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

42.     Defendant, Bob Prusator, acting both in his capacity as an employee, agent, and/or personnel of Carterville School District and individually at all times referenced in this petition, was acting under color of state law.

10

43.        Bob Prusator knew or should have known that bullying existed within Carterville School District.

44.        Bob Prusator, while acting under federal and state law, deprived Plaintiff's deceased son, Jordan Lewis, of his civil rights, including his right to an education, his right to bodily integrity, his right to be secure and to be left alone, and his right to life, pursuant to 42 U.S.C. §1983, by condoning practices, including but not limited to the following: the failure to follow policies and procedures to protect Jordan Lewis from known dangerous situations, including the regularly occurring bullying, harassment, and violence; the inadequate investigations of complaints by students of said bullying; and the negligent permitting of the bullying, harassment, and violence after being informed of and/or witnessing the acts with reckless and wanton disregard for Jordan Lewis's civil rights. Defendant thereby violated Jordan's Fourteenth Amendment rights and Plaintiff seeks recovery pursuant to 42 U.S.C. § 1983.

45.        As a direct and proximate result of Carterville School District's employees, agents, and/or personnel individually named, Bob Prusator's, Keith Liddell's, and Dennis Drust's, statements, and omissions, which were shocking to the conscience, Plaintiff's son, Jordan Lewis, was embarrassed, humiliated, suffered mental anguish, was subject to ridicule, and suffered physical injury. These damages continued until Jordan Lewis took his life on October 17, 2013.

46.        Carterville School District's employees, agents, and/personnel individually named, Bob Prusator's, Keith Liddell's, and Dennis Drust's, statements, and omissions as identified in this Complaint show that Defendants acted with willful and wanton

disregard to Jordan Lewis's rights so as to warrant the imposition of punitive and compensatory damages.

## Count III: Violation of 42 U.S.C. § 1983 – Keith Liddell

47.     Plaintiff incorporates by reference each preceding paragraph as though set forth fully at length herein.

48.     Because Illinois has chosen to provide a free public education to its children, Jordan Lewis had a Constitutional property right to a free public education protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

49.     Jordan Lewis also had Constitutional rights to bodily integrity, to be secure and to be left alone, and to life protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

50.     Defendant, Keith Liddell, acting both in his capacity as an employee, agent, and/or personnel of Carterville School District and individually at all times referenced in this petition, was acting under color of state law.

51.      Keith Liddell knew or should have known that bullying existed within Carterville School District.

52.     Keith Liddell, while acting under federal and state law, deprived Plaintiff's deceased son, Jordan Lewis, of his civil rights, including his right to an education, his right to bodily integrity, his right to be secure and to be left alone, and his right to life, pursuant to 42 U.S.C. §1983, by condoning practices, including but not limited to the following: the failure to follow policies and procedures to protect Jordan Lewis from known dangerous situations, including the regularly occurring bullying, harassment, and violence; the inadequate investigations of complaints by students of said bullying; and the negligent permitting of the

bullying, harassment, and violence after being informed of and/or witnessing the acts with reckless and wanton disregard for Jordan Lewis's civil rights. Defendant thereby violated Jordan's Fourteenth Amendment rights and Plaintiff seeks recovery pursuant to 42 U.S.C. § 1983.

53.        As a direct and proximate result of Carterville School District's employees, agents, and/or personnel individually named, Bob Prusator's, Keith Liddell's, and Dennis Drust's, statements, and omissions, which were shocking to the conscience, Plaintiff's son, Jordan Lewis, was embarrassed, humiliated, suffered mental anguish, was subject to ridicule, and suffered physical injury. These damages continued until Jordan Lewis took his life on October 17, 2013.

54.        Carterville School District's employees, agents, and/personnel individually named, Bob Prusator's, Keith Liddell's, and Dennis Drust's, statements, and omissions as identified in this Complaint show that Defendants acted with willful and wanton disregard to Jordan Lewis's rights so as to warrant the imposition of punitive and compensatory damages.

**<u>Count IV: Violation of 42 U.S.C. § 1983 – Dennis Drust</u>**

55.        Plaintiff incorporates by reference each preceding paragraph as though set forth fully at length herein.

56.        Because Illinois has chosen to provide a free public education to its children, Jordan Lewis had a Constitutional property right to a free public education protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

57.        Jordan Lewis also had Constitutional rights to bodily integrity, to be secure and to be left alone, and to life protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

58.        Defendant, Dennis Drust, acting both in his capacity as an employee, agent, and/or personnel of Carterville School District and individually at all times referenced in this petition, was acting under color of state law.

59.        Dennis Drust knew or should have known that bullying existed within Carterville School District.

60.        Dennis Drust, while acting under federal and state law, deprived Plaintiff's deceased son, Jordan Lewis, of his civil rights, including his right to an education, his right to bodily integrity, his right to be secure and to be left alone, and his right to life, pursuant to 42 U.S.C. §1983, by condoning practices, including but not limited to the following: the failure to follow policies and procedures to protect Jordan Lewis from known dangerous situations, including the regularly occurring bullying, harassment, and violence; the inadequate investigations of complaints by students of said bullying; and the negligent permitting of the bullying, harassment, and violence after being informed of and/or witnessing the acts with reckless and wanton disregard for Jordan Lewis's civil rights. Defendant thereby violated Jordan's Fourteenth Amendment rights and Plaintiff seeks recovery pursuant to 42 U.S.C. § 1983.

61.        As a direct and proximate result of Carterville School District's employees, agents, and/or personnel individually named, Bob Prusator's, Keith Liddell's, and Dennis Drust's, statements, and omissions, which were shocking to the conscience, Plaintiff's son, Jordan Lewis, was embarrassed, humiliated, suffered mental anguish, was subject to

ridicule, and suffered physical injury. These damages continued until Jordan Lewis took his life on October 17, 2013.

62.         Carterville School District's employees, agents, and/personnel individually named, Bob Prusator's, Keith Liddell's, and Dennis Drust's, statements, and omissions as identified in this Complaint show that Defendants acted with willful and wanton disregard to Jordan Lewis's rights so as to warrant the imposition of punitive and compensatory damages.

### Count V: Negligent Training & Supervision – Carterville Community Unit  School District Unit #5

63.         Plaintiff incorporates by reference each preceding paragraph as though set forth fully at length herein.

64.         Defendant, Carterville School District, hired, instructed, trained, employed, supervised, and retained the teachers, administrators, and faculty members to which Plaintiff's deceased son, Jordan R. Lewis, complained of the bullying and sought assistance.

65.         While Jordan Lewis was in the care of the defendant, the defendant had a duty to protect him from bullying, harassment, and violence by other students. Defendant breached this duty by allowing Jordan to be tormented, ridiculed on a regular basis, and be physically harmed on multiple occasions while on school premises.

66.         Defendant failed to implement policies and procedures regarding bullying, harassment, and violence and failed to train and supervise teachers, administrators, and faculty members regarding investigating, remedying, and prohibiting bullying, harassment, and violence of students. The lack of the implementation of such policies amounted to and reflected on the Defendant's willful and wanton disregard and negligence in caring for Plaintiff's son, Jordan Lewis, while he was in their care.

15

67.         Carterville School District's failure to implement policies and procedures regarding bullying, harassment, and violence and failure to train and supervise teachers, administrators, and faculty members regarding investigating, remedying, and prohibiting bullying, harassment, and violence of students, constituted deliberate indifference to the deprivation of Jordan Lewis's rights to a public education, to bodily integrity, to be secure and be left alone, to life and to substantive due process under the Fourteenth Amendment to the United States Constitution.

68.         As a direct and proximate result of Carterville School District's actions, statements, and omissions, which were shocking to the conscience, Plaintiff's son, Jordan Lewis, was embarrassed, humiliated, suffered mental anguish, was subject to ridicule, and suffered physical injury. These damages continued until Jordan Lewis took his life on October 17, 2013.

69.         Carterville School District's actions, statements, and omissions as identified in this Complaint show that Defendant acted with willful and wanton disregard to Jordan Lewis's rights so as to warrant the imposition of punitive and compensatory damages.

### Count VI: Negligent Infliction of Emotional Distress – Carterville Community Unit School District Unit #5

70.         Plaintiff incorporates by reference each preceding paragraph as though set forth fully at length herein.

71.         The aforementioned acts, omissions, and conduct of the Defendant amounted to extreme and outrageous conduct done with complete disregard to Jordan Lewis's civil rights that intentionally and recklessly caused severe emotional distress and bodily harm and eventually led to Jordan Lewis taking his own life.

72.         Defendant knew or should have known of the conduct which Jordan Lewis was subjected to, seeing that multiple students knew of the conduct and personnel witnessed, was

16

notified of, and even instigated the conduct yet failed to intervene so as to prevent further

bullying, harassment, and violence against Jordan Lewis. Therefore, the acts and injuries to

Jordan Lewis were foreseeable.

73.       By failing to intervene so as to prevent further bullying, harassment, and

violence against Jordan Lewis, the Defendant breached its duty owed to Jordan Lewis. This

breach resulted in extreme emotional and physical harm of Jordan Lewis and eventually resulted

in Jordan Lewis committing suicide due to continued bullying.

74.       As a direct and proximate result of Carterville School District's

outrageous conduct, including the extreme emotional and physical harm of Jordan Lewis,

together with the acts, statements, and omissions of the Defendant, Jordan Lewis suffered

extreme emotional distress and mental anguish which ultimately led to him taking his own life.

75.       Carterville School District's actions, statements, and omissions as

identified in this Complaint show that Defendant acted with willful and wanton disregard to

Jordan Lewis's rights so as to warrant the imposition of punitive and compensatory damages.

### Count VII: Negligence – Carterville Community Unit  School District Unit #5

76.       Plaintiff incorporates by reference each preceding paragraph as though set

forth fully at length herein.

77.       While Jordan Lewis was in the care of the Defendant, Carterville School

District, Defendant had a duty to protect him from dangers that may be reasonably anticipated.

Jordan Lewis was harassed, beaten, and ridiculed on a regular basis and personnel often

witnessed these acts, was notified of these acts, and even instigated these acts. The Defendant did

nothing to prevent the harm, yet it had reason to anticipate future dangerous actions based on

previous occurrences and complaints.

78.     As a direct and proximate result of the actions and omissions of the Carterville School District, including but not limited to Defendant's knowledge of bullying, ridicule, and violence against Jordan Lewis to which no remedial measures followed, which caused and encouraged the actions and statements that were foreseeable against Jordan Lewis, the Defendant was negligent and therefore liable to the Plaintiff.

79.     Carterville School District's actions, statements, and omissions as identified in this Complaint show that Defendant acted with willful and wanton disregard to Jordan Lewis's rights so as to warrant the imposition of punitive and compensatory damages.

## Count VIII: Negligence – Cambria Police Department

80.     Plaintiff incorporates by reference each preceding paragraph as though set forth fully at length herein.

81.     Cambria Police Department was notified of a welfare check request regarding Jordan Lewis via the Carterville, Illinois Police Department on October 16, 2013, at 9:06 pm. By 9:22 pm the welfare check was completed and the officer had left Jordan's home. It took Officer Paisley of the Cambria Police Department sixteen minutes to get to Jordan's home, check the welfare of Jordan, talk to Jordan and his mother, and leave the scene.

82.     Officer Paisley knew or should have known that Jordan Lewis was in imminent danger of hurting himself. If Officer Paisley was not trained in suicide prevention and could therefore not have made the correct decision as to Jordan Lewis's welfare, Officer Paisley should have contacted someone trained in suicide prevention to assess Jordan Lewis's situation and take further action or he should have taken Jordan Lewis to the nearby hospital where he could have been properly evaluated.

83.        The Cambria Police Department owed Jordan Lewis a duty of care while performing a welfare check. The Cambria Police Department via Officer Paisley breached this duty by negligently failing to either contact someone trained in suicide prevention to evaluate Jordan Lewis and assess his situation or to take Jordan Lewis to the nearby hospital where he could have been properly evaluated.

84.        As a direct and proximate result of the aforementioned negligence of the Cambria Police Department, Jordan Lewis committed suicide the morning after Officer Paisley visited his home.

85.        Cambria Police Department's actions and omissions as identified in this Complaint show that Defendant acted with willful and wanton disregard to Jordan Lewis's rights so as to warrant the imposition of punitive and compensatory damages.

### Count IX: Negligence – Bob Prusator

86.        Plaintiff incorporates by reference each preceding paragraph as though set forth fully at length herein.

87.        While Defendant Bob Prusator was the superintendent of Carterville School District, Jordan Lewis was a student at Carterville High School, a Carterville School District school.

88.        As the superintendent of Carterville High School, Defendant Bob Prusator had a duty to possess and use that degree of skill and care ordinarily used by reasonable superintendents to protect students from unreasonable risks of harm.

89.        At the time of and leading up to Jordan Lewis's death, Defendant Bob Prusator knew or should have known of a culture of bullying that existed within Carterville School District, to wit:

a.      Jordan Lewis was the victim of bullying, harassment, and violence by his peers at Carterville High School;

b.      Upon information and belief, both Keith Liddell, Carterville High School's principal, and Dennis Drust, Carterville High School's football coach and P.E. teacher, were informed of acts of bullying against Jordan Lewis and did not remedy the situations or take any corrective action to protect Jordan Lewis from future bullying;

c.      Upon information and belief, Coach Dennis Drust, when informed of an act of bullying against Jordan Lewis, told Jordan Lewis that he needed to "toughen up;" and,

d.      Concerned parents of other children in the Carterville School District repeatedly complained, and to this day are still complaining, to the District about the bullying problem.

## Count X: Negligence – Keith Liddell

90.      Plaintiff incorporates by reference each preceding paragraph as though set forth fully at length herein.

91.      While Defendant Keith Liddell was the principal of Carterville High School, Jordan Lewis was a student at Carterville High School.

92.      As the principal of Carterville High School, Keith Liddell had a duty to possess and use that degree of skill and care ordinarily used by reasonable principals to protect students from unreasonable risks of harm.

93.      At the time of and leading up to Jordan Lewis's death, Defendant Keith Liddell knew or should have known of a culture of bullying that existed within Carterville High School to wit:

e.      Jordan Lewis was the victim of bullying, harassment, and violence by his peers at Carterville High School;

f.      Upon information and belief, Keith Liddell, Carterville High School's principal was informed of acts of bullying against Jordan Lewis and did not remedy the situations or take any corrective action to protect Jordan Lewis from future bullying.

### Count XI: Negligence – Dennis Drust

94.      Plaintiff incorporates by reference each preceding paragraph as though set forth fully at length herein.

95.      While Defendant Dennis Drust was the football coach and physical education teacher at Carterville High School, Jordan Lewis was a student at Carterville High School.

96.      As a teacher and coach at Carterville High School, Dennis Drust had a duty to possess and use that degree of skill and care ordinarily used by reasonable teachers and coaches to protect students from unreasonable risks of harm.

97.      At the time of and leading up to Jordan Lewis's death, Defendant Dennis Drust knew or should have known of a culture of bullying that existed within Carterville School District, to wit:

g.      Jordan Lewis was the victim of bullying, harassment, and violence by his peers at Carterville High School;

h.      Upon information and belief, Dennis Drust, Carterville High School's football coach and P.E. teacher, was informed of acts of bullying against Jordan Lewis and did not remedy the situations or take any corrective action to protect Jordan Lewis from future bullying;

i.      Upon information and belief, Dennis Drust, when informed of an act of bullying against Jordan Lewis, told Jordan Lewis that he needed to "toughen up."

## Count XII: Negligent Supervision – Bob Prusator

98.        Plaintiff incorporates by reference each preceding paragraph as though set forth fully at length herein.

99.        At all times relevant hereto, Superintendent Bob Prusator had supervisory authority over Carterville School District employees, including Keith Liddell and Dennis Drust.

100.        At all times relevant hereto, Bob Prusator was acting under color of state law in both his individual and official capacity.

101.        Upon information and belief, both the principal of Carterville High School, Keith Liddell, and the football coach, Dennis Drust, were informed of acts of bullying against Jordan Lewis but did not remedy the situations or take any corrective action to protect Jordan from future bullying.

102.    Upon information and belief, the football coach, Dennis Drust, instigated the bullying against Jordan Lewis and when informed of acts of bullying against Jordan he told Jordan that he needed to "toughen up."

103.    Defendants' lack of supervision show complete indifference to and/or conscious disregard for the health and safety of Jordan Lewis and warrants the imposition of punitive and compensatory damages.

## Count XIII: Negligent Supervision – Keith Liddell

104.    Plaintiff incorporates by reference each preceding paragraph as though set forth fully at length herein.

105.    At all times relevant hereto, Principal Keith Liddell had supervisory authority over the teachers and employees at Carterville High School, including the football coach and physical education teacher, Dennis Drust.

22

106. At all times relevant hereto, Keith Liddell was acting under color of state law in both his individual and official capacity.

107. Upon information and belief, both the principal of Carterville High School, Keith Liddell, and the football coach, Dennis Drust, were informed of acts of bullying against Jordan Lewis but did not remedy the situations or take any corrective action to protect Jordan from future bullying.

108. Upon information and belief, the football coach, Dennis Drust, instigated the bullying against Jordan Lewis and when informed of acts of bullying against Jordan he told Jordan that he needed to "toughen up."

109. Defendants' lack of supervision show complete indifference to and/or conscious disregard for the health and safety of Jordan Lewis and warrants the imposition of punitive and compensatory damages.

### Count XIV: Negligence – Erik Rebstock

110. Plaintiff incorporates by reference each preceding paragraph as though set forth fully at length herein.

111. Upon information and belief, Mr. Rebstock, Jordan's mother's live-in boyfriend, was aware that Jordan Lewis was a possible suicidal suspect on October 16, 2013, when a Cambria police officer showed up at their home to do a welfare check after Jordan expressed his suicidal thoughts to a friend.

112. Upon information and belief, on October 17, 2013, Mr. Rebstock left an unlocked case of firearms readily available to Jordan Lewis the morning after he had told a friend he was considering harming himself. Because Jordan had expressed his suicidal thoughts to a friend the night before his death and because a police officer had come check on the welfare of Jordan as a

possible suicidal suspect, it was highly foreseeable that Jordan Lewis would use a readily available firearm to carry out his thoughts he had the night before.

113.    A reasonable person in Mr. Rebstock's position would have safely stored his firearms as to prevent a live-in fifteen year old boy with suicidal thoughts from accessing the weapons.

114.    The financial investment required by Mr. Rebstock to lock up his firearms and achieve safe storage would have been minimal and would have caused very little inconvenience, if any.

115.    Mr. Rebstock owed Jordan a duty to lock up his firearms in Jordan's home – Mr. Rebstock breached this duty. Because the firearms were not locked up, Jordan Lewis was able to walk up to the gun case and easily pull out a firearm.

116.    As a direct and proximate result of the aforementioned negligence of Erik Rebstock, Jordan Lewis committed suicide by fatally shooting himself in the chest.

117.    Erik Rebstock's actions and omissions as identified in this Complaint show that Defendant acted with willful and wanton disregard to Jordan Lewis's rights so as to warrant the imposition of punitive and compensatory damages.

## Count XV: Negligence – 3Screens.com

118.    Plaintiff incorporates by reference each preceding paragraph as though set forth fully at length herein.

119.    Upon information and belief, 3Screens.com, produced and placed intot eh stream of commerce an Anti-bullying film for high school students.  Said video included the images of numerous students who had choosen suicide over bullying and therefore compelled Jordan Lewis to commit suicide.

120.     3Screens.com knew or reasonably should have known that high school students that were suffering from the trauma of having been bullied would watch the video they produced.

121.     A reasonable person in 3Screens.com's position would not have placed such information in a video for high school students, with an already fragile state of mind.

122.     3Screens.com owed Jordan a duty to produce a video that would assist him in a positive manner to deal with the bullying issue, not one that compelled him to take their own life.

123.     3Screens.com breached this duty by producing and placing intot eh stream of commerce "Piercing the Darkness".

124.     As a direct and proximate result of the aforementioned negligence of 3Screens.com, Jordan Lewis committed suicide by fatally shooting himself in the chest.

125.     3Screens.com's actions and omissions as identified in this Complaint show that Defendant acted with willful and wanton disregard to Jordan Lewis's rights so as to warrant the imposition of punitive and compensatory damages.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff prays for relief as follows:

a.     Award Plaintiff compensatory and punitive damages;

b.     Award pain and suffering;

c.     Award attorneys' fees, expenses, and costs of this action; and

d.     Such further relief as this Court deems necessary, just, and proper.

25

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: 6/30/2014                                   Respectfully Submitted,


                                                   _/s/ D. Todd Mathews_____
                                                   D. Todd Mathews, #6276652
                                                   Gori Julian & Associates, P.C.
                                                   156 N. Main Street
                                                   Edwardsville, IL 62025
                                                   (618) 659-9833 – Phone
                                                   (618) 659-9834 – Facsimile
                                                   *Attorneys for Plaintiff*